UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN T.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:22-CV-85-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's testimony and the medical opinions of Dr. Walker, Dr. Nestler, and Ms. Hartley, MA LMHC, and that new evidence submitted to the Appeals Council indicates the ALJ's findings are not supported by substantial evidence.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 7, 2016, Plaintiff protectively filed for SSI, alleging disability as of November 1, 2013. *See* Dkt. 10; Administrative Record ("AR") 364-66. The application was denied upon initial administrative review and on reconsideration. *See* AR 71, 80.

ALJ Raymond Souza held a hearing on August 14, 2018 and ordered Plaintiff undergo a consultative examination to determine whether Plaintiff has an autism spectrum disorder. AR 66-68. ALJ Souza continued Plaintiff's hearing on March 29, 2019 and issued a decision on June 5, 2019 finding Plaintiff disabled from November 1, 2013 through October 2, 2018. AR 161-80. Plaintiff requested review of the ALJ's decision to the Appeals Council. AR 181-84. The Appeals Council affirmed the ALJ's finding of disability from November 1, 2013 through January 31, 2017 and issued an order instructing the ALJ to hold a new hearing, reevaluate evidence, and issue a new decision determining whether Plaintiff was disabled after January 31, 2017. AR 184.

ALJ Suzette Knight held a hearing on remand and issued a decision on July 27, 2021, finding Plaintiff was disabled with affective disorder and anxiety disorder from November 1, 2014 through January 31, 2017, and that Plaintiff's disability ended on February 1, 2017. AR 35-60, 101-31. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform a full range of work with some nonexertional limitations, including, in relevant part, interacting with co-workers and the public on an occasional basis and tolerating "few changes" in a routine work setting. AR 49.

Plaintiff requested review of the ALJ's decision and submitted additional evidence to the Appeals Council. *See* AR 1-2. The Appeals Council denied Plaintiff's request, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. §§ 404.981, 416.1481. The Appeals Council also declined to exhibit the additional evidence, finding it did not show "a reasonable probability that it would change the outcome of the decision." AR 2.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in: (1) evaluating his subjective testimony, and (2) evaluating the medical opinion evidence. Dkt. 10, p. 1. Plaintiff also contends the additional evidence submitted after the ALJ's July 2021 decision undermines the ALJ's finding that Plaintiff was not disabled after January 31, 2017. *Id.* at 17-19.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony**

Plaintiff contends the ALJ erred in evaluating Plaintiff's subjective testimony. Dkt. 10, pp. 4-9.

Plaintiff testified he struggles with "mood, motivation, and dealing with unexpected situations." AR 114. Plaintiff also testified he has a lot of difficulty with "direct socializing for a prolonged period" and his interaction with others is limited to remote activities, such as role-playing games and storytelling, because they involve "particular roles for each person," and therefore "there's predictability to it all." *See* AR 118. Plaintiff explained that due to his

difficulties with maintaining energy and motivation, directly interacting with others, and handling problems, he does not believe he is able to work. AR 114-15.

The ALJ found that while Plaintiff's medically determinable impairments could reasonably produce the symptoms Plaintiff testified to, the intensity, persistence, and limiting effects as alleged by Plaintiff was "not entirely consistent" with: (1) Plaintiff's conservative treatment history; (2) medical evidence showing Plaintiff had no acute complications; and (3) Plaintiff's daily activities. *See* AR 49-50.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

With respect to the ALJ's first reason, an ALJ may properly discount a claimant's testimony when the record shows the claimant "responded favorably to conservative treatment[.]" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Here, the ALJ found Plaintiff's conservative, limited, and outpatient treatment undermined Plaintiff's statements about the severity of his symptoms. AR 49-50. The ALJ specifically points to treatment notes from Plaintiff's mental health counselor, Ms. Hartley, and a treatment note describing Plaintiff's use of an herbal supplement. *Id*. However, the contents of these notes do not necessarily undermine Plaintiff's testimony, nor do they substantially support the ALJ's finding that Plaintiff

is not as limited as alleged. The record shows Ms. Hartley continuously found treatment was "medically necessary" for Plaintiff. *See* 762-805. Ms. Hartley also observed "the smallest things, things that would be very manageable for most people, can quickly become intolerable for [Plaintiff]." AR 901. The treatment note regarding Plaintiff's use of an herbal supplement also shows that while the supplement was "effective in a stabilizing," Plaintiff continued to have "some underlying issues" and was "limited at times." AR 891. Given that Plaintiff's treatment history shows that even with counseling and use of supplements, Plaintiff continued to struggle with his symptoms, the Court cannot say the ALJ reasonably found Plaintiff's testimony inconsistent with his history of treatment.

With respect to the ALJ's second reason, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Here, the ALJ pointed to physical examination results showing Plaintiff was not in acute distress but rather alert and oriented with normal mood, behavior, judgment, and thought content. AR 866-67. Additionally, the ALJ cited to an evaluation completed by Dr. Nestler on October 6, 2018, who opined that Plaintiff had linear and goal directed thought activity, cooperative attitude, full affect, mild anxiety, and no hallucinations, delusions, or acute thought content irregularities. AR 50 (citing AR 728). The ALJ also considered the lack of evidence showing Plaintiff's symptoms have exacerbated and "objective clinical support for a medical diagnosis of autism spectrum disorder." AR 50. Based solely on these records, the ALJ could reasonably find Plaintiff's testimony inconsistent with the medical evidence. However, new evidence submitted to the Appeals Council after the ALJ issued a decision indicates this finding

1  by the ALJ is not substantially supported by the evidence, as further discussed below, *see infra*,
2  Section III.
3        With respect to the ALJ's third reason, an ALJ may reject a plaintiff's symptom
4  testimony based on his daily activities if they contradict his testimony or "meet the threshold for
5  transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*,
6  885 F.2d 597, 603 (9th Cir. 1989)). Here, the ALJ identified Plaintiff's ability to drive, shop for
7  groceries, cook, perform household chores, and manage self-care. AR 50. However, "the mere
8  fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car,
9  or limited walking for exercise, does not in any way detract from her credibility as to her overall
10 disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at
11 603). At most, these activities reflect the basic elements of living a normal life, and do not supply
12 a reasonable basis for discrediting Plaintiff.  *See id.* The ALJ also identified Plaintiff's ability to
13 host games and storytelling events remotely, but does not explain how this contradicts Plaintiff's
14 testimony. AR 49 (citing AR 895). During the hearing, Plaintiff stated he is accustomed to
15 interacting with others remotely because, unlike direct socialization, he found remote
16 interactions predictable and thus manageable. *See* AR 118. Without further explanation, the
17 Court cannot say the ALJ reasonably found Plaintiff's testimony inconsistent with his daily
18 activities.
19       By failing to provide at least one legally sufficient reason for discounting Plaintiff's
20 subjective testimony, the Court finds the ALJ erred. "[H]armless error principles apply in the
21 Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is
22 harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's
23 "ultimate nondisability determination*." Stout v. Commissioner, Social Security Admin.*, 454 F.3d
24

1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, the ALJ's error was not harmless. Had the ALJ properly evaluated Plaintiff's testimony, the ALJ may have incorporated Plaintiff's limitations into Plaintiff's RFC and thus change the ALJ's decision that Plaintiff was not disabled after January 31, 2017. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

**II. Whether the ALJ Properly Evaluated Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the medical opinions of: Dr. Walker, Dr. Nestler, and Ms. Hartley MA LMHC. Dkt. 10, pp. 9-19.

Plaintiff filed his application before March 27, 2017. AR 364-66. Pursuant to the applicable rules, in assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

### A.  Dr. Walker and Dr. Nestler

Dr. Walker completed a psychological evaluation on July 23, 2018 after reviewing Plaintiff's records and conducting a mental status examination. AR 720-24. Dr. Walker found Plaintiff had mild to moderate limitations when it comes to basic work activities, but was markedly limited in completing a normal workday and work week without interruptions from psychologically based symptoms. AR 721-22.

Dr. Nestler provided an evaluation of Plaintiff on October 6, 2018 after completing a review of Plaintiff's records and conducting a mental status examination. AR 726-30. Dr. Nestler opined Plaintiff "would not have difficulty completing a normal workday/workweek without interruptions and would have difficulty dealing with the usual stress encountered in the workplace." AR 730.

The ALJ gave their opinions "partial weight," finding "the updated evidence and the claimant's testified restrictions" support "moderate" limitations "in all areas." *See* AR 50. Plaintiff argues the ALJ's evaluation is "insufficient." Dkt. 10, p. 11. The Court agrees.

The ALJ is required to give detailed, reasoned, and legitimate reasons for disregarding findings by a treating physician. *Embrey*, 849 F.2d at 421-22. Here, the ALJ provides an explanation as to why Dr. Walker's and Dr. Nestler's moderate findings are credited and fails to provide an explanation as to why Dr. Walker's finding that Plaintiff is markedly limited in completing a workday or work week was rejected.

The Commissioner argues substantial evidence nonetheless supports the ALJ's reason "for not totally accepting either opinion" and points to various treatment notes and the testimony

of medical expert Dr. Akins. Dkt. 11, p. 5. But the Court must review the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995). The ALJ provided no such reasoning here, therefore the Court is unable to properly determine whether ALJ reasonably evaluated the opinions of Dr. Walker and Dr. Nestler.

### B. Ms. Hartley

Ms. Hartley, one of Plaintiff's treating sources (*See* AR 668-712, 762-806, 829-60, 899-918), provided a medical opinion about Plaintiff's mental abilities to perform work-related activities on July 6, 2018. AR 713-16. She found Plaintiff's mental ability to perform unskilled work ranged from "Limited but satisfactory" to "No useful ability to function." AR 714. Of relevance are Ms. Hartley's findings that Plaintiff had "No useful ability to function" with working in coordination with or proximity to others without being unduly undistracted; completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; responding appropriately to changes in a routine work setting; and dealing with normal work stress. *Id*.

Under the regulations applicable to this case, "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p. But there are "other sources," such as counselors, who are considered other medical sources. *See* 20 C.F.R. § 404.1527(f)(1). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010); SSR 06–3p. Evidence from "other medical sources" may be discounted if, as with evidence from lay witnesses in general, the ALJ "gives reasons

germane to each [source] for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

In this case, the ALJ gave Ms. Hartley's opinion "limited weight," finding it inconsistent with (1) Plaintiff's conservative treatment history; (2) "clinical and examination findings of no acute mental complications;" and (3) Plaintiff's daily activities. AR 51.

With respect to the ALJ's first reason, as previously discussed, notes from Plaintiff's treatment, mostly from Ms. Hartley herself, showed Plaintiff had continuous difficulties even with counseling and the use of herbal supplements. Notably, Ms. Hartley, in a summary of her clinical notes, wrote that Plaintiff "continues to exhibit ongoing anxiety, panic, stress, depression and difficulty with social interactions" and that "can quickly become overwhelmed and devolve when there are changes, unforeseen events, too much interaction with others, or unexpected requests of him." AR 900. Contrary to the ALJ's finding, Ms. Hartley's opinion is largely reflected in Plaintiff's treatment history.

With respect to the ALJ's second reason, an ALJ may reject lay witness testimony if it is inconsistent with the overall medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ cites to the same physical examination findings previously cited to discount Plaintiff's testimony. AR 51 (citing AR 866-67). But that Plaintiff did not appear to be in acute distress during his physical examinations do not undermine Ms. Hartley's opinion about Plaintiff's mental ability to function in a work setting. Without providing further explaining as to how Plaintiff's presentations necessarily contradict Ms. Hartley's opinion, the Court cannot say the ALJ provided a germane reason to discount her opinion.

With respect to the ALJ's third reason, as discussed above, Plaintiff's activities of daily living were neither clear nor convincing reasons to discount Plaintiff's testimony. The Court similarly finds here that Plaintiff's ability to engage in household chores, self-care, and remote social activities are not germane reasons to discount Ms. Hartley's opinion about Plaintiff's mental capabilities in a workplace.

By failing to properly evaluate the medical opinions of Dr. Walker and Dr. Nestler and failing to provide at least one specific, legitimate reason supported by substantial evidence for assigning limited weight to Ms. Hartley's opinion, the ALJ erred. As previously stated, an error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. In this case, had the ALJ properly evaluated the medical opinions of Dr. Walker, Dr. Nestler, and Ms. Hartley, the ALJ may have found Plaintiff disabled or included additional limitations in his RFC. Accordingly, the ALJ's errors are not harmless and require reversal.

**III. Additional Evidence**

Plaintiff submitted new evidence after the ALJ issued her decision, but the Appeals Council declined to exhibit the new evidence, finding it "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." AR 2.

This Court is required to evaluate this evidence to determine whether the ALJ's decision is supported by substantial evidence. *Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part

of the administrative record the district court must consider it in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question is a psychological assessment report completed by Dr. Neer on September 21, 2021 after reviewing Plaintiff's medical records and conducting a mental status examination and psychological testing. AR 12-30. Dr. Neer opined Plaintiff "meets full criteria for Autism Spectrum Disorder, Generalized Anxiety Disorder (with panic attacks) and Major Depressive Disorder, Recurrent, Severe." AR 28. Dr. Neer found Plaintiff is able to perform simple and repetitive tasks only for a brief time period, but that "when mild social pressures became present, or any degree of change (e.g., work duties, expectations, routine, environment), simple tasks may become notably more complex." *Id*. Dr. Neer also found Plaintiff is able to perform complex work tasks, and that while he can "problem-solve and perform at high level in some situations (e.g., at home alone), it would likely be for a brief period of time due to his anxiety being triggered by range of stimuli." AR 28-29. Further, Dr. Neer found that due to Plaintiff's anxiety, Plaintiff "would be unable to work constructively with co-workers, supervisors and the public." AR 29.

The ALJ discounted Plaintiff's testimony and Ms. Hartley's opinion in part due to their inconsistencies with objective medical evidence and specifically pointed out the lack of "objective clinical support for a medical diagnosis of autism spectrum disorder." AR 49-50. In light of the new evidence, the ALJ's findings are not supported by substantial evidence. As the ALJ has provided no other valid reasons to discount either Plaintiff's testimony or the medical opinions provided, the Court accordingly finds the ALJ has erred in finding Plaintiff is not disabled after January 31, 2017.

**IV. Remedy**

Plaintiff requests that the Court remand this matter. Dkt. 11, p. 1.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

The Court has determined that the ALJ erred in evaluating Plaintiff's testimony and the medical opinions of Dr. Walker, Dr. Nestler, and Ms. Hartley, and that the new evidence submitted by Plaintiff indicates the ALJ's findings are not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's testimony and the medical opinions of Dr. Walker, Dr. Nestler, and Ms. Hartley, and evaluate the additional evidence from Dr. Neer. The ALJ shall then reevaluate all relevant steps of the disability evaluation process and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ erred in concluding Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further proceedings in accordance with the findings contained herein.

Dated this 18th day of July, 2022.

David W. Christel
United States Magistrate Judge